IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

SHAWANDA CRAWFORD,
       Plaintiff,

v.

              CIVIL ACTION NO. _____

GARDA CL SOUTHEAST, INC.,
              JURY TRIAL DEMANDED
       Defendant.

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Shawanda Crawford brings this action against Defendant Garda CL Southeast, Inc., and respectfully alleges as follows:

### INTRODUCTION

1. Plaintiff Shawanda Crawford ("Ms. Crawford" or "Plaintiff") brings this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Louisiana Wage Payment Act, La. R.S. § 23:631, *et seq.* ("the Wage Payment Act"), for, *inter alia*, unpaid overtime wages, liquidated damages, penalty wages, and attorney's fees and costs.

### THE PARTIES

2. Ms. Crawford is an individual residing in Jefferson Parish, Louisiana. Ms. Crawford was formerly employed with Defendant as a vault employee until her employment was terminated in or around May 2015.

3. Defendant Garda CL Southeast, Inc. ("Garda" or "Defendant") is a foreign corporation and may be served through its registered agent for service of process: **Corporate Creations Network, Inc., 1070-B West Causeway Approach, Mandeville, LA 70471.** Garda is an "employer" within the meaning of the FLSA and the Wage Payment Act.

1

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

6. As noted above, Ms. Crawford was employed with Garda as a vault employee until her employment was terminated in or around May 2015.

7. When Ms. Crawford first began working for Garda in December 2013, she received her overtime rate of pay for all hours over forty (40) worked in a workweek.

8. However, in or around August 2014, Garda began paying Plaintiff's overtime rate of pay only when she worked more than **fifty (50)** hours in a workweek. Thus, Garda only paid Plaintiff her straight-time rate for hours worked between forty (40) and fifty (50) in a workweek.

9. In or around January 2015, Garda completely stopped paying Plaintiff overtime when she worked more than (40) hours in a workweek.

10. Plaintiff's job duties as a vault employee including checking money in and out of the vault. Plaintiff would put tickets on the money and input amounts on the computer. Plaintiff also printed out route sheets and answered phone calls for customers and messengers.

11. Plaintiff's job duties do not qualify for any of the exemptions to the FLSA. She did not earn a guaranteed salary of at least $455/week and did not exercise independent judgment and discretion.

12. Plaintiff did not perform any duties as a driver, driver's helper, loader, or mechanic on any vehicle.

13. Even though Plaintiff was paid on an hourly basis, Garda did not pay her overtime for hours worked over forty (40) in a workweek.

14. Defendant has violated Plaintiff's rights under the FLSA by failing to pay overtime for hours worked over forty (40).

15. Plaintiff complained that she was not being paid her overtime rate of pay for hours worked over forty (40) in a workweek, but Garda still refused to pay the compensation that it owed to Plaintiff.

16. Plaintiff has made demand to Defendant for the amounts owed to her, but Defendant still has refused to pay the compensation and wages owed to her.

17. Defendant's denial of legal wages and overtime compensation to Plaintiff is, and has been, willful and deliberate.

## FIRST CAUSE OF ACTION
(Violations of the FLSA – Failure to Pay Overtime)

18. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

19. The FLSA requires employers to pay all non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.

20. Defendant has violated the requirements of the FLSA by engaging in practices that have deprived Plaintiff of lawful compensation by *inter alia,* failing to pay overtime compensation for hours worked over forty (40) in a workweek.

21. Defendant's conduct, as alleged, constitutes a willful violation of the FLSA.

22.     As a result of Defendant's unlawful conduct, Plaintiff is entitled to damages equal to the amount of all uncompensated time, including overtime pay, within the three years preceding the filing of this Complaint and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

23.     Plaintiff also seeks reasonable attorney's fees and costs, as provided by the FLSA.

## SECOND CAUSE OF ACTION
(Violations of the Wage Payment Act)

24.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

25.     Despite demand from Plaintiff, Defendant has failed to pay her the wages due under the terms of her employment within the time period prescribed by the Wage Payment Act.

26.     Accordingly, Plaintiff is not only entitled to recover her unpaid wages, but also penalty wages, attorney's fees, costs, and judicial interest.

## DEMAND FOR JURY

27.     Plaintiff hereby demands a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth her Complaint, Plaintiff respectfully requests that this Court:

(a) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendant willfully violated the rights of Plaintiff under the FLSA;

(b) Award Plaintiff unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to him under the FLSA;

(c) Award attorney's fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by law;

(d) Award Plaintiff unpaid wages, penalty wages, attorney's fees, costs, and judicial interest as provided by the Wage Payment Act; and

(e) Award any other legal and equitable relief that this Court deems just and proper.

Dated:  August 16, 2015                             Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  s/Christopher L. Williams
Christopher L. Williams
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

*Attorney for Plaintiff*